```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ROGER SHERWOOD,

    Petitioner,

        -against-

RAYMOND J. CUNNINGHAM,

        Respondent.

------------------------------------------------------X

**MOTION FOR PETITIONER'S REPLY**

07 Civ. 6588 (SAS)

    PLEASE TAKE NOTE that upon the affirmation of Roger Sherwood, Pro Se Petitioner, affirmed on January 25, 2008 and pleadings herein, petitioner will move this Court, before Honorable Shira A. Scheindlin, United States District Judge, for consideration of PETITIONER'S REPLY TO RESPONDENT'S MEMORANDUM OF LAW and AFFIRMATION IN SUPPORT OF PETITIONER'S REPLY.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Woodbourne, NY
       January 25, 2008

*[signature]*
Roger Sherwood, Pro Se Petitioner
Woodbourne Correctional Facility
P.O. Box 1000
Woodbourne, NY 12788

*[Handwritten]:* Motion granted. The Clerk of the Court is hereby directed to docket and file petitioner's Affirmation and Memorandum of Law. So Ordered: *[signature]* USDJ 1/30/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ROGER SHERWOOD,                                            :
                                                           :       AFFIRMATION IN SUPPORT OF
                        Petitioner,                        :
                                                           :       PETITIONER'S REPLY
        -against-                                          :
                                                           :       07 Civ. 6588 (SAS)
RAYMOND J. CUNNINGHAM,                                     :
                                                           :
                        Respondent.                        :
                                                           :
-----------------------------------------------------------X
```

Roger Sherwood, Pro Se Petitioner, before Honorable Shira A. Scheindlin, Judge, United States District Court, Southern District of New York, deposes and says, **under penalty of perjury**:

1. The above captioned habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, was filed on June 21, 2007.

2. On September 5, 2007, after examining said petition, Judge Shira A. Scheindlin concluded that it should not be summarily dismissed.

3. On November 19, 2007 Petitioner filed a Memorandum of Law in Support of Petition.

4. On January 9, 2008 Respondent filed Memorandum of Law in Opposition to Petition of Habeas Corpus.

5. The Petitioner has been prejudiced through an inability to research unpublished cases and those marked LEXIS in the Respondent's Opposition.

6. The Petitioner has amended the petition to claim that the trial court violated his constitutional rights to due process and effective assistance of counsel and that his plea was involuntary.

7. The PETITIONER'S REPLY is filed in hopes of correcting the errors and misstated facts in the Respondent's Opposition.

8. The Petitioner prays that this Court grants his pending motions and decides to grant relief for his petition.

Dated: Woodbourne, NY
January 25, 2008

Roger Sherwood, Pro Se Petitioner
Woodbourne Correctional Facility
P.O. Box 1000
Woodbourne, NY 12788

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROGER SHERWOOD,                                             :
                                                            :
                       Petitioner,                          :
                                                            :        07 Civ. 6588 (SAS)
            -against-                                       :
                                                            :
RAYMOND J. CUNNINGHAM,                                      :
                                                            :
                       Respondent.                          :
                                                            :
------------------------------------------------------------X
```

**PETITIONER'S REPLY TO RESPONDENT'S
MEMORANDUM OF LAW**

## **Table of Contents**

Preliminary Statement……………………………………………………….p. 1

Statement of Facts………………………………………………………..…p. 2

Traverse……………………………………………………………………...p. 5

Points

    1. Guilty Plea <u>Did Not</u> Foreclose Review………………….p. 5
    2. The Unknowing Guilty Plea……………...………………..p. 6
    3. Petitioner Claims…..…………………………………….…p. 6
    4. Due Process Claim Exhausted…………………………….p. 7
    5. Involuntary Plea……………………………………...…p. 7 &. 8
    6. Amended Complaint I & II………..………….….….…..p.7
    7. Function of Habeas Corpus……………………….....…p. 8
    8. Right to Appeal Preserved……..…..……………………p. 8
    9. Procedural v. Substantive……………………………….p. 9
    10. Never Rejected Plea…..…………………………..…p. 9
    11. Fundamental Fairness…………………………….…..p. 9
    12. Court Accepted Plea……………………………….…p. 10
    13. **Conclusion**……………………………………p.10

NOTE: The Petitioner did not receive the Court Ordered copy (1/10/08) of his case file before his reply deadline. All his work pertaining to his Memorandum of Law is from memory. The Petitioner, Pro Se, working from Woodbourne Correctional Facility Law Library does not have the ability to research any of the cases in respondent's opposition marked LEXIS. That service is not available to Petitioner. Furthermore, the Petitioner did not have access to unpublished cases i.e., 28 A.D. 3d 396 (memorandum) The following "TRAVERSE" is presented prejudiced by these facts.

**PRELIMINARY STATEMENT**

Petitioner Roger Sherwood (hereinafter "Petitioner", "defendant") seeks relief under 28 U.S.C. § 2254.

On Tuesday, October 23, 2001 the trial court constructed an agreement for the disposition of charges against the Petitioner. The agreement spanned the week between the 23rd and October 30, 2001. In the dispositional agreement the court promised to hold open the People's plea offer of 3-6 years until the 30th and gave the defendant specific instructions to file a Clayton Motion. The Petitioner was told to return the following week ready to accept the promised plea or go to trial. The terms of the agreement were clear, stated on the record and understood by all parties. There was a meeting of the minds.

The Petitioner used the adjournment to discuss the plea with his counsel, family, friends and workers in the context of his fast changing, emotionally charged, and extremely tentative present situation and future life. For six weeks prior to October 23, 2001, the Petitioner had been out of touch with his counsel in Manhattan because phone communication was knocked out by the 9/11 bombings.

The Petitioner's acceptance of the dispositional agreement is proven by his filing the Clayton Motion, as instructed. In the motion he gave up his right to remain silent and admitted his guilt on p.7, para.1, p.8, para.2 and p.10, para.4. Also, the Petitioner returned to court on October 30th having been effectively counseled and ready to plead guilty in final fulfillment of his end of the agreement.

On October 30, 2001, the trial court violated the dispositional agreement by determining it was no longer bound by the promises it made and insisting on a 6 to 12 year sentence. The violence felt by counsel, family, friends, workers, and the Petitioner, as a result of the trial court's violation was so severe that it shocked their conscience. They wondered how the trial court could be deciding a sentence for the defendant without first obtaining a conviction. The court violated the commonly referred to number one rule in American Justice; a defendant is innocent until proven guilty. The court violated due process.

The court's due process violation created the right to effective counsel violation. Courts, just as the lawyers who practice before them, must keep the promises they make. The court's promise made the

1

defense believe that the October 23, 2001 proceeding was not a "critical stage" in terms of the Petitioner accepting the "3 years" plea offer. Hence, the Petitioner's lawyer did not counsel him on accepting the "3 years" plea offer that day. If the Petitioner had known that October 23, 2001 was the last opportunity for him to avail himself of the 3 to 6 years sentence, then he would have sought counsel and would have plead guilty.

However, when on October 30th the court failed to keep the plea promise, the October 23rd proceeding effectively became a "critical stage" (plea offer expired), during which now (on the 30th) the defendant was then (on the 23rd) denied effective assistance of counsel. Trial is unfair if the accused is denied counsel at a critical stage of the trial. U.S.C.A. Const. Amend. 6. U.S. v. Cronic, 104 S.Ct. 2039 Criminal defendant's have a right to effective assistance of counsel during plea bargaining.

The trial court's arbitrary and capricious actions are contrary to Supreme Court precedent. The court deprived the Petitioner of effective assistance of counsel and due process, which are protected by the Federal Constitution. The court's actions rendered the Petitioner's plea involuntary.

The Appellate Court denied the Petitioner's Direct Appeal arguments of due process and effective assistance of counsel violations through an unreasonable application of Supreme Court precedent. The Appellate focused on the judge's sentencing discretion rather than the defendant's constitutional rights.

## STATEMENT OF FACTS

On October 23rd, 2001 the court stated, for the second time, her acceptance of the People's plea offer, although with stated hesitancy, which indicated the trial court's extensive knowledge of the factors involved.

> "The Court: The prosecutor has suggested a sentence
> **of three years if he wishes to plead ... I will give Mr. Sherwood
> one opportunity to avail himself of that**. (emphasis added)
>
> Mr. Franz: I will ask for permission to file a Clayton Motion with this Court.
> 10/23/01 Transcript page 2
>
> The Court: I know a great deal about Mr. Sherwood, and I

2

> gather there is nothing more that I need to know about ....
> I'm going to put this case down for Tuesday, October 30.
> Mr. Sherwood is hereby advised that if he does not plead
> and take the three years on the 30th, that offer will be
> withdrawn. I don't care what the prosecutor recommends
> or what the defense will say, I will not accept his three years
> plea after Tuesday, October 30. If he does not take the plea,
> I will give this a trial date, and he will face the sentence that he
> will deserve after trial if he is convicted.
> Now, tomorrow morning is the 24th. Any motion you have,
> counsel, must be in my courtroom, not in room 1000, but up here
> by tomorrow morning at 10 o'clock in the morning.
> 10/23/01 Transcript pages 3&4.

The trial court constructed a dispositional agreement that included a "three years" sentence. The Petitioner was instructed, in exact terms, when and where he was to file his Clayton Motion. The court advised him to be prepared to accept the three years on the 30th or face trial. There was a meeting of the minds. The Petitioner filed the Clayton Motion as instructed and returned to court on the 30th ready and willing to plead guilty. In the Clayton Motion the defendant acted to his own detriment, in reliance upon the court's promise, by admitting his guilt, "**the evidence of [defendant's] possession of drugs is substantial**" (p.10, #3.) and, giving up his Constitutional right to remain silent. Also see, p.7, para.1 and p.8, para.2. of Clayton Motion for admission of guilt. If the court had not provided the defense with a promised sentencing "cap", then the Clayton Motion would not have been filed and the defendant would have pled guilty on the 23rd receiving the 3-6 year sentence.

On October 30, 2001, the trial court reneged on her side of the dispositional agreement.

> The Court: I cannot in good conscience offer a sentence of three
> years on a plea.
> 10/30/01 Transcript page 2
>
> The Court: There will be no discussion of a disposition
> unless he is ready to plead to six years. All right, that's it.
> 10/30/01 Transcript page 3
>
> The Court: He has not pled yet, and that's why I wanted to tell you this right
> before we start.
> 10/30/01 Transcript page 5

3

The trial court believed it was not bound by the promises it made to the Petitioner in the dispositional agreement. The trial court stated that the promises were not binding because "he [**defendant**] has not pled yet". This statement violates the "good faith" premise required in all contracts and is inconsistent with the statement, made by the court just moments earlier, that "there will be no discussion of a disposition unless he is ready to plead to **six years**." (emphasis added) Since there was no conviction at that point, as the court contends; "he [**defendant**] has not pled yet", the trial court is violating due process by determining a sentence of "**six years**" for the defendant without first providing him with a fair trial.

Next, Petitioner's counsel requested to approach the bench and was denied. The trial court told him to make his statement on the record or give the trial court a "trial date".

> Mr. Tacopina: If we had known on the last court date, because the Court said he can take the three to six, he has one week to decide or we are going to trial, we would have spent the time on that day making that decision, although it would have been the first time we spoke to him in a month and a half, based on the fact that we have no phones, and that he was in a correctional facility. That being said, I thought we had pretty much come here today to finally resolve the matter and have a discussion with him, and he came today ready to take the plea. Your Honor, while I appreciate your new and fresh review of the file not giving you the comfort level that you had last week, it was represented to us that we would have one week to decide if he was going to take the plea.
> 10/30/01 Transcript pages 5-7

Mr. Tacopina claimed on the record that the trial court hoodwinked the defendant into <u>not</u> pleading guilty on October 23rd and <u>not</u> spending time that day to receive counsel, by promising to keep open the "three to six" until the 30th. Counsel outlined the terms of the dispositional agreement and stated how the defendant honored his duties and returned to court on the 30th ready to plead guilty.

The trial court became adversarial. A trial date was set. The Petitioner was left to defend himself against the combined adversarial efforts of both the trial court and the prosecutor. The court violated fundamental fairness. After the October 30, 2001 proceeding, the trial court's broken promises to the defendant shattered his faith in defense counsel to such a devastating degree that he fired his lawyer.

4

At the next proceeding, the trial court, which had unilaterally taken over all aspects of a negotiated plea, reluctantly allowed for substitute counsel. With the aid of new counsel, an Article 78 was filed with the Appellate Court in hopes of mandating the trial court to honor its promise of a three to six year sentence to the defendant. The Article 78 was dismissed and not decided on its merits.

On February 14, 2002 the Petitioner appeared ready for trial in front of the court without the ability to present psychiatric evidence, the primary aspect of his defense. At the hearing, the trial court immediately raised the possibility of the defendant pleading guilty and offered a promised sentence.

> Mr. DeMatteo: Joseph DeMatteo for Mr. Sherwood. In case your Honor wasn't aware, the Article 78 proceeding was dismissed yesterday. I want to apprise the Court of that.
> The Court: Thank you. Let me just ask you this folks: We are about to begin the hearings and I want to just make one thing clear: Before we start the hearings, if Mr. Sherwood wants to avail himself of the six to 12 sentence.
> 2/14/02 Transcript page 2
>
> The Court: And if he wants to cut his loses now, he will do the six to 12.
> 2/14/02 Transcript page 7

The Petitioner was advised by the court not to speak (A.120) and threatened with an enormous sentence. (A.126) He pled guilty to a "bargain" that he knew nothing about. When asked by the trial court if any promises were made to him, he answered, "You Know about the Article 78?" referring to her promised 3 – 6 year sentence. The trail court answered, "I do." The trial court's coercive, arbitrary and capricious actions throughout the Petitioner's proceedings rendered the Petitioner's guilty plea involuntary.

## TRAVERSE

In the respondent's memorandum of law in opposition to petition for writ of habeas corpus (respondent's opposition), the respondent puts forth a single argument in repetition, covering both POINT I & POINT II; "Petitioner's guilty plea forecloses review of his claim ... the claim is without merit". (page 15 & page 19) The Petitioner believes that this Court is in the best position to decide the merits of his case. The respondent's opposition failed to refute the arguments raised in the Petitioner's Memorandum of Law. The

5

Petitioner's guilty plea did not foreclosed review of the claims in this petition. The Southern District of New York is one federal district court that has held habeas relief does not violate prior plea agreements. Rodriguez v. U.S., 933 F. Supp. 279, 281-83 (S.D.N.Y. 1996). The Petitioner's plea and sentencing minutes (A. 136) include the trial court's instruction, "Please notify [defendant] of his right to Appeal" and defense counsel's affirmation, "I have advised him of his right to Appeal, Your Honor." "Fundamental fairness is the central concern of the writ of habeas corpus." Strickland v. Washington, 104 S.Ct. 2052.

On p. 9, sect. C., the respondent wrote, "Petitioner waived his trial rights, admitted guilt of the current charges". A review of the plea minutes (A.125-136) will confirm that the Petitioner plead guilty to an agreement that neither he nor his attorney had any knowledge of prior to his plea. When asked by the trial court during the plea (A.129) if any promises were made to him, the Petitioner answered, "You Know about the Article 78?" referring to her promised 3 – 6 year sentence. The trail court answered, "I do." The Petitioner's plea was not intelligent or knowing in that the trial court and the prosecutor were making-up the terms of the agreement as they went along. The defendant did not even know what class felonies he was pleading guilty to in the agreement. (A.127) Defendants who plead guilty have fundamental rights, Powell v. Alabama, 53 S.Ct. 55 The defendant here had his rights violated.

The respondent's opposition (p. 10, sect. E.) over-simplifies the claims raised by the Petitioner. More specifically, the Petitioner claims, (A.) The petitioner's constitutional right to due process was violated when the trial court refused to honor the terms of a dispositional agreement which the court constructed within it's authority and the petitioner relied upon in acting to his own detriment, (B.) The petitioner's constitutional right to effective assistance of counsel was violated when the trial court reneged on it's promise to keep open the court accepted plea and sentence offer of 3 - 6 years during a one week adjournment, and now (C) The trial court's violation of the Petitioner's constitutional rights during plea negotiations rendered his plea involuntary. The Petitioner's constitutional rights were violated in the process of plea negotiations and his plea was invalid due to the actions of the trial court.

6

On p.11, sect.G, the respondent's opposition wrongly concludes that the Petitioner's Direct Appeal did not include a due process claim.  The Petitioner's Direct Appeal claim of "arbitrary and capricious" (p.33) actions assert a claim so particular as to call to mind his constitutional right, Daye v. Attorney General, 696 F.2d 186, to protection from a due process violation.  The due process claim is further exhausted, according to Daye, in the Petitioner's Direct Appeal when he cites the following state and federal cases which employ pertinent constitutional analysis; Mabry v. Johnson, 467 U.S. 504, Cooper v. U.S., 594 F.2d 12, People v. World, 121 Misc.2d 148

The conditions for a valid plea presuppose fairness in securing an agreement between the accused and the prosecutor, or in this case the judge.  Mabry v. Johnson, 467 U.S. 504  In Mabry and in Santobello v. New York, 404 U.S. 257 it is seen that substantive due process requires criminal defendants to be treated with fairness throughout the plea bargaining process.  Therefore, the respondent's opposition erred in stating; "Here, petitioner pleaded guilty knowingly and voluntarily with new counsel at his side". (p.15, para.2)  The voluntary quality, required in all valid pleas, was nullified in the Petitioner's plea by the violation of his rights to due process, effective assistance of counsel, and other coercive tactics of the court during plea negotiations.  The trial court insisted, threatened, coerced and ultimately got the defendant to plead guilty under great duress.  The U.S. Constitution comes first before a judge's sentencing discretion.

Additionally, under "Facts, The Guilty Pleas and Sentence" in the Petitioner's Direct Appeal (Respondent's Opposition, Exhibit B) it is stated, "Finally, having no alternative, defendant knuckled under and agreed to accept the term of 6 to 12 years imprisonment to plead guilty. (A.122)." (p.26) Along the same line of an involuntary plea, ARGUMENT, POINT I, caption reads, "THE COURT ... **INSISTED** AFTER ONE-WEEK ADJOURNMENT THAT DEFENDANT **WOULD HAVE TO ACCEPT** A JUDICIAL PLEA OFFER OF 6-TO-12 YEARS" (p.27).  The Petitioner alleges a pattern of facts exist in his Direct Appeal that is well within the mainstream of constitutional litigation, Daye v. Attorney General, 696 F.2d 186, for an involuntary plea. "Repeatedly faced with threats from the court that he would face an enormous amount of

7

jail time if convicted after trial (see, e.g., A62, 69, 119, 126-127), defendant's resolve to resist 6-to-12 year plea that was insisted upon by the court was eventually overcome". (p.32), and conclusively, "The court's decision [to renege on the dispositional agreement] was in direct conflict with defendant's constitutional rights to make an informed choice whether to plead guilty, aided by the effective assistance of counsel". (p.41-42). Furthermore, the involuntary plea claim is exhausted, according to Daye, when the Petitioner on Direct Appeal cites Mabry v. Johnson, 467 U.S. 504, which employs a pertinent constitutional analysis. The claim of an involuntary plea is a part of this petition.

On January 16, 2008 an "amended complaint" was filed with this Court to insure inclusion of the top claims from the Petitioner's Memorandum of Law dated November 19, 2007. The Petitioner has now again amended his petition, "Amended Complaint II", dated January 21, 2008, in the interest of justice. "Amended Complaint II" includes a claim that the Petitioner's plea was involuntary.

The Petitioner's claim that the trial court violated his right to due process and effective assistance of counsel is **not** at odds with the Mabry decision, as the respondent claims. Quite to the contrary, as mentioned above, Mabry's qualification for endorsement of plea bargaining "presuppose[s] fairness in securing agreement" and the Supreme Court, in rejecting Mabry's claim placed great weight on the fact that defendant was provided advice in connection with the plea by counsel "that effectively advised respondent." A reading of Tollett v. Henderson, 411 U.S. 258, a claim of relief based on unconstitutional grand jury selection procedures, indicates that the respondent's opposition (p.15, para.2) takes a wrong, or at least much too narrow view of the case in stating; "a guilty plea forecloses claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Petitioner argues; "Vindication of due process is precisely [the] historic office [of habeas corpus]". Fay v. Noia, 372 U.S. 391, at 402.

The respondent's opposition cites People v. Coffin, 76 F.3d 494, 498 (2d Cir. 1996) "guilty plea waives all ineffective assistance of counsel claims prior to the guilty plea". The Petitioner counters this claim by quoting the very next line after the respondent's quote in Coffin, "a defendant must preserve his right to

8

appeal at the time of the plea". (p. 498) The Petitioner here preserved his right to appeal at the time of the plea. (A. 136) Additionally, the right to effective assistance of counsel is recognized, not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial U.S.C.A. Const Amend 6, U.S. v Cronic, 104 S.Ct 2039  The Petitioner here did not receive a fair trial.

The respondent's opposition, p.16, cites Medina v. California, 505 U.S. 437 to suggest that this Court is not well suited to decide the merits and appropriateness of the Petitioner's due process violation claim. The Petitioner believes wholeheartedly in this Court and it's ability to see the difference between a procedural due process claim (Medina) and a substantive due process claim (Petitioner).  The respondent is mistaken to believe that the Petitioner, in pleading guilty, waived his constitutional rights to due process and effective assistance of counsel.  The Fifth and Fourteenth Amendments to the U.S. Constitution guarantees the Petitioner's right to due process and these rights were not waived.

Respondent's opposition claims, "petitioner rejected plea offer", on p.6, para.2, and repeatedly throughout the opposition brief.  A review of the minutes from all the proceedings proves that the Petitioner never rejected the People's plea and sentence offer.  However, it is interesting that the respondent's opposition on that topic (p.6, para.2), includes a quote from the court, "I think Mr. Sherwood still does not have a proper reality perspective here and does not understand that **the offer [3 – 6 years] will never change**" (emphasis added) If that statement were true, then this petition would be unnecessary.

The respondent's opposition (p.16, para.1) quotes Dowling v. United States, 493 U.S. 342, 352 (1990). Dowling, with it's issues of Double Jeopardy and the introduction of evidence, lacks congruity with this case.  However, the Petitioner prays this Court to use "fundamental fairness" as defined in Dowling, 'the community's sense of fair play and decency" at 353.  No reasonable person believes it is "fair" or "decent" for a trial court to lie and cause harm to a defendant in violation of the U.S. Constitution.  When a defendant waives rights in reliance upon a government promise, due process requires that the defendant be entitled to have the government held to its end of the bargain. U.S. v. Heatley, 39 F.Supp2d 287

9

On p.17 the respondent's opposition cites U.S. v. Severino, 800 F.2d 42 to make the point that "the court was free to reject [plea]". However, in this case the trial court had already accepted the plea on more than one occasion (A.60) and on October 23rd promised that the plea would remain open until the 30th so that the Petitioner could "avail himself" of "the three year sentence". (A. 69, lines 19-21). The Petitioner's claims do not concern a judge's sentencing discretion, rather he points to the trial court's violation of the U.S. Constitution. The government, or the judge in this case, "must negotiate [in plea bargaining] with scrupulous fairness ... must honor whatever terms it has proposed if they are promptly and unequivocally agreed to by the defendant", as the defendant did here. Johnson v. Mabry, 707 F.2d 323 Court may accept or reject plea agreement calling for specific sentence, but court may not modify the agreement. U.S.S.G. §6B1.2 (c) p.s., 18 U.S.C.A.; Fed. Crim. Code and Rules 11(c) (1), 11(c) (3), 11(c) (5), 18 U.S.C.A. The trial court wrongly took on and acted with the combined powers of the prosecutor and judge against the defendant in violation of the U.S. Constitution.

## CONCLUSION

For all the reasons contained herein and in Petitioner's papers before this Memorandum of Law, the Petitioner prays this petition will be granted and relief ordered.

Dated: Woodbourne, NY
January 25, 2008

Roger Sherwood, Pro Se Petitioner
Woodbourne Correctional Facility
P.O. Box1000
Woodbourne, NY  12788

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROGER SHERWOOD,                                             :
                                                            :   **AFFIRMATION OF SERVICE**
                                Petitioner,                 :
                                                            :   **07 Civ. 6588 (SAS)**
            -against-                                       :
                                                            :
RAYMOND J. CUNNINGHAM,                                      :
                                                            :
                                Respondent.                 :
                                                            :
------------------------------------------------------------X

```
RECEIVED
CHAMBERS OF

JAN 2 8 2008

JUDGE SCHEINDLIN
```

I, Roger Sherwood, Pro Se Petitioner, **declare under penalty of perjury** that I have served a copy of the attached Petitioner's Reply Motion, Memorandum of Law and Affirmation upon Leilani Rodriquez, Assistant Attorney General for the State of New York, 120 Broadway, NY, NY 10271, by U.S. Postal Service, mail.

Dated:  Woodbourne, NY
        January 25, 2007

_____
Roger Sherwood, Pro Se Petitioner
Woodbourne Correctional Facility
P.O. Box 1000
Woodbourne, NY 12788